# Michael E. Saradakis v. Ambridge Savings & Trust Co., Appellant.

*Banks and banking—Certificate of deposit—Renewals—Terms of renewal—Foreign exchange.*

A bank which receives, for renewal, a certificate of deposit of a foreign bank, is responsible in damages, when it fails to obey the instructions to renew the certificate in the same denomination in which it was made, viz., English pounds, and instead procures a certificate for its equivalent in Greek drachmas.

In such case the measure of damages is the difference in the value of the certificate, at the time of the trial, as measured by the difference in the value of pounds and drachmas.

Argued April 20, 1925. Appeal No. 37, April T., 1925, by defendant, from judgment of C. P. Beaver County, September T., 1922, No. 165, in the case of Michael E. Saradakis v. Ambridge Savings & Trust Company. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover value of certificate of deposit. Before BALDWIN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1029.65, and judgment thereon. Defendant appealed.

*Errors assigned,* were various rulings on evidence, the charge of the Court, and refusal of defendant's motion for judgment non obstante veredicto.

*Thompson Bradshaw,* of *Hice, Morton, May & Bradshaw,* for appellant.

*William A. McConnell,* and with him *S. P. McConnell,* for appellee.

OPINION BY GAWTHROP, J., July 9, 1925:

Plaintiff was the owner of two interest-bearing certificates of deposit of the National Bank of Greece, one,

No. E 309375 for 4102 francs, and the other, No. E-309474 for 304 pounds, 14 shillings and 6 pence. On June 8, 1921, he took these certificates to the defendant bank, in which he was a depositor, and requested it to forward them to the National Bank of Greece for renewal. Defendant accepted the certificates and undertook to forward them as requested. The certificate for English money was overdue, but the certificate for francs was not due until July 6, 1922. It forwarded both certificates to the National Bank of Greece with instructions to renew them and to make the new certificates payable in Greek drachmas. According to the testimony of defendant's clerk, Mathews, who handled the transaction for defendant, the National Bank of Greece refused to renew the certificate for francs because it was not yet due. The other certificate was renewed by the National Bank of Greece, payable in drachmas, and returned to defendant, which received it early in November, 1921. Plaintiff refused to accept the certificate on the ground that he had not authorized the conversion into drachmas, the contention of defendant being that the conversion was in accordance with plaintiff's instructions. Defendant then returned the certificate to the National Bank of Greece with the request that it be made payable in English money, in the same amount as the old certificate. The National Bank of Greece refused to do this and, by letter of November 18, 1921, returned the certificate to defendant. In the meantime Greek drachmas had been decreasing in value and English pounds had been increasing in value. June 30, 1922, plaintiff brought suit in assumpsit for the loss sustained by reason of the failure of defendant to deliver to him the certificates of deposit. An affidavit of defense was filed, setting up that plaintiff had directed Mathews, an employe of the bank, to have the certificates converted into Greek drachmas and renewed; and denying that it was ever instructed by plaintiff merely to have the certificates

renewed. It also averred that two certificates, one payable in francs and the other in drachmas, were in their possession for safe keeping as the property of plaintiff, and that they were willing to deliver the certificates to plaintiff. At the first trial defendant tendered to plaintiff the original certificate in francs and the new certificate, payable in Greek drachmas. The certificate in francs was accepted by plaintiff, but the other certificate was refused. That trial resulted in a verdict for plaintiff for the amount of his damages in respect to the new certificate. A new trial was granted and pounds sterling continued to advance and drachmas continued to decrease in value. When the case was called for the second trial, the certificate in drachmas was tendered to plaintiff and accepted by him for what it was then worth, and the verdict and judgment represent plaintiff's damages for the difference between the values of a certificate payable in pounds and one in drachmas. .

By the statement of questions involved appellant presents two propositions: 1. Was defendant liable for its employee's breach of instruction? 2. If so, as of what time is the damage to be measured?

1. It is urged that the relation existing between plaintiff and defendant was that of a gratuitous bailment for the sole benefit of the bailor and that, therefore, defendant is liable only if it is grossly negligent. We cannot subscribe to this proposition. Defendant undertook to send the certificates to the bank in Greece for renewal according to their tenor. The relation of the parties was not that of bailor and bailee, but of principal and agent. Defendant, as agent for plaintiff, its principal, broke its contract to request the bank in Greece to renew the certificates according to their tenor and is liable to plaintiff for the damages which flow from the breach. There is abundant evidence to sustain the finding of fact by the jury that

plaintiff's transaction was with the bank rather than with its employee, Mathews, as an individual.

2. The damages were properly measured as of the date of the trial. Plaintiff was not required to accept the certificate, payable in drachmas, at any time. The tender of such a certificate would not be in performance of defendant's undertaking. The acceptance of such a certificate would have been evidence of plaintiff's assent to the contract as alleged by defendant, that the certificates were to be converted into drachmas. There is no merit in appellant's contention that it was plaintiff's duty to make demand for the return of his certificate when conversion was refused and to protect the value therein and mitigate the damages. Defendant knew that pounds sterling were advancing in value, that drachmas were decreasing in value, and that its agreement was to request a renewal of the certificates according to their tenor. If by its negligence it made it impossible to secure such a certificate and, under the circumstances, thought that plaintiff's damage might increase as time passed, it was its duty to settle with him. In failing to do so, it took the risk of having his damages measured as of the time he secured a verdict.

All of the assignments of error are overruled and the judgment is affirmed.